case. All of the parties sought to be examined are defendants in the action, which is in equity. The complaint sets up a conspiracy whereby the defendant Tully, with the knowledge of the other defendants, has transferred the title to the property sought to be obtained, and has so incumbered it with mortgages that plaintiff cannot have the relief sought without setting aside said several instruments. He demands, inter alia, that the defendant Simpson be adjudged to be a trustee for this plaintiff, and that as such he holds the title to the lands and premises affected by this action; that he be directed to convey; that he, as well as Michael Tully and James F. Tully, be directed to account for the rents and profits; and that an injunction issue restraining said defendants from receiving the rents and profits, and that a receiver be appointed. In order to establish the cause of action set up and to obtain the relief demanded, it therefore becomes necessary for the plaintiff to affirmatively establish the facts in regard to the various transactions respecting which he desires an examination. Therefore he comes directly within the rule, as the testimony is sought to uphold his cause of action, and not to destroy a defense.

The order is proper, and should be affirmed, with $10 costs and disbursements. All concur.

---

(110 App. Div. 865).

### McKENNA v. SIMPSON et al.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

Appeal from Special Term, New York County.

Action by Thomas P. McKenna against Thomas Simpson and others. From an order denying a motion to vacate an order for the examination of defendants Thomas Simpson and others before trial, they appeal. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

L. M. Berkeley, for appellants.
Isaac W. Goodhue, for respondent.

PER CURIAM. For the reasons stated in the opinion handed down herewith in McKenna, Respondent, v. Tully et al., Appellants, 96 N. Y. Supp. 561, the order appealed from should be affirmed, with $10 costs and disbursements.

---

(109 App. Div. 566.)

### In re COOPER'S WILL.

### In re BOWERS.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

WILLS—CONSTRUCTION—REMAINDER.

Under a will giving the residuary estate to the executors, in trust to pay the income to B. for life, and providing, "From and after the death of B., I direct my executors and trustees to convey my entire residuary estate, with all accumulations of interest then on hand, to my heirs at law and next of kin, whomsoever they may be," the gift over after the death of the life tenant is to testator's next of kin living at the death of the life tenant.